# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES HALLMAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 19-CV-308-SMY-MAB ) |
| RYAN D. MCCARTHY, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is Defendant Ryan D. McCarthy's Second Motion to Dismiss and Motion for Summary Judgment (Doc. 27). For the following reasons, the Motion is **GRANTED in part and DENIED in part**.

### Background

According to the Complaint, Plaintiff James Hallman was employed by the Department of Army's Vehicle Registry Organization as a Deputy Registrar at a facility in Sembach, Germany (Doc. 1). In 2015, he suffered from depression which affected his ability to concentrate, think, and interact with others. He was absent from work due to his depression From June 26, 2015 to July 6, 2015.

On July 6, 2015, Hallman presented a doctor's note and requested additional leave but that request was denied by his supervisor, Thomas Lorenzini. Instead, Lorenzini considered Hallman absent without leave and informed him that his position would be eliminated through a "Business Based Action" ("BBA"). In anticipation of his job being eliminated, Hallman began the retirement process by filling out necessary paperwork and requesting November 30, 2015 as his retirement date. Nevertheless, Hallman's retirement became effective on September 22, 2015 and Shawn

Driscoll, who is not disabled, was hired to replace him on October 5, 2015.

On October 29, 2015, Hallman filed a charge with the Equal Employment Opportunity Commission ("EEOC"). In his "Formal Complaint of Discrimination," ("EEOC Complaint") Hallman checked a box indicating that he was discriminated against on account of his age, 68 at the time (Doc. 27-1, pp. 1-4). In the narrative section of the form, Hallman stated that he was forced to retire on October 31, 2015 under the guise that his position would be eliminated and that he was then replaced with a younger man. At the beginning and end of the narrative, Hallman explained that while on vacation during the month of July 2015, he was hospitalized for severe depression and placed on suicide watch – conditions related to the 2nd anniversary of the death of his wife. For relief, he requested payment of his salary until June 30, 2018, the date on which he planned to retire.

The Equal Employment Opportunity Counselor's Report reflects that the basis of the Complaint is age (Doc. 27-2, pp. 1-5). When Lorenzini was interviewed as part of an alternative dispute resolution process, his answers reflect that Hallman was complaining of age discrimination. In a Declaration signed under penalty of perjury on June 24, 2016, Hallman likewise indicated that he believed he was discriminated against on account of his age and retaliated against for filing the EEOC Complaint by being denied access to his former work place in January 2016 (Doc. 50-1, pp. 1-12). In a September 12, 2018 letter to Hallman's attorney, the EEOC set forth its findings that Hallman had not been discriminated against or retaliated against on account of his age (Doc. 27-3, pp. 1-14).

In this case, Hallman alleges he was discriminated against on account of his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq* (Count I). He further alleges that he was

constructively discharged in retaliation for requesting the accommodation of sick leave and that he was further retaliated against after he filed a complaint.

## **Discussion**

To survive a motion to dismiss for failure to state a claim under *F.R.C.P.* 12(b)(6), a Complaint must "state a claim to relief that is plausible on its face." *Lodholtz v. York Risk Servs. Group, Inc.*, 778 F.3d 635, 639 (7th Cir. 2015) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court must also draw all reasonable inferences and facts in favor of the plaintiff. *See Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014).

Federal employees have no claim under the ADA and must proceed under the Rehabilitation Act. *See, Mannie v. Potter*, 394 F.3d 977, 982 (7th Cir. 2005). The distinction is not meaningful because claims under the ADA and the RA are virtually identical and analyzed within the framework of Title VII cases. *Rothman v. Emory University*, 123 F.3d 446, 451 (7th Cir. 1997).

Prior to filing suit asserting such a claim, a plaintiff must exhaust administrative remedies by filing an EEOC Complaint with the appropriate agency. *Abrego v. Wilkie*, 907 F.3d 1004, 1012 (7th Cir. 2018). And, significant to this Court's consideration, "…the scope of the complaint brought before the administrative agency limits the scope of subsequent civil proceedings in federal court; in order words, plaintiff may pursue only those claims that could reasonably be expected to grow out of the administrative charges." *Reynolds v. Tangherlini*, 737 F.3d 1093,

1099-1100 (7th Cir. 2013). Here, Defendant argues that Hallman failed to bring his disability claim and constructive discharge claim to the attention of the EEOC and thereby failed to exhaust his administrative remedies.

When Hallman initially filed his EEOC Complaint, he alleged age discrimination. He marked age discrimination on the complaint form, he provided a narrative and Declaration to assert and support a claim of age discrimination, and individuals interviewed during the investigative process understood his claim to be one for age discrimination. Hallman argues, however, that statements made in his EEOC Complaint and thereafter alerted the agency that he was also complaining about disability discrimination. Specifically, he points out that in his EEOC Complaint, he stated that he changed his annual leave request from July 2 to July 24, 2015 to a sick leave request from June 26 to July 3, 2015, because of deep depression supported by a Doctor's note, and followed by annual leave from July 6 to July 24, 2015 (Doc. 27-1, p. 1). When he presented the new leave request to Lorenzini on July 6, 2015, he was told that his job would be eliminated. At the end of the EEOC Complaint, Hallman stated that he was hospitalized for depression/suicide prevention while in the States for 5 days and that Lorenzini's actions exacerbated his condition. The only assertion in the narrative related to age discrimination is that he was replaced by a younger man on October 15, 2015. The Court finds that this information was adequate to alert the EEOC that Hallman was complaining of disability discrimination. *See Ogborn v. United Food and Commercial Workers Union, Local No. 881*, 305 F.3d 763, 767 (7th Cir. 2002) (stating that major depression may be a disabling condition under the ADA)

The Court further finds, based on the above-referenced information, that Hallman exhausted his claim that he was constructively discharged (retaliated against) for seeking an accommodation (sick leave) for his disability (depression). That the EEOC only investigated age

discrimination and failed to consider his alleged constructive discharge on July 6, 2015 is irrelevant. *Reynolds*, 737 F.3d at 1099-1100 (to preserve a claim, a plaintiff must bring that claim to the attention of the EEOC even if the agency fails to address or dispose of the claim).

Defendant also argues that Hallman's Complaint fails to state a retaliation claim based on alleged conduct occurring after Hallman filed an EEOC Complaint. Hallman alleges that he was denied access to his workplace and personnel after he filed his EEOC Complaint, and that he required such access in order to "obtain documents related to his personal vehicle and to clear his firearms consistent with Defendant's practice with other former employees and other visitors" (Doc. 1, p. 5-6).

To prevail on a retaliation claim, a plaintiff must show that they "suffered an adverse employment action." *Sitar v. Indiana Dept. of Transp.*, 344 F.3d 720, 728 (7th Cir. 2003). "While adverse employment actions extend beyond readily quantifiable losses, not everything that makes an employee unhappy is an actionable adverse action . . . . Otherwise, minor and even trivial employment actions that an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit." *O'Neal v. City of Chicago*, 392 F.3d 909, 911 (7th Cir. 2004) (quotation marks and citation omitted). Hallman's allegations do not support a finding of an adverse employment action. At most, he alleges that he had to get permission from his replacement to enter his former workplace in order to finalize paperwork at the conclusion of his job. As such, Hallman fails to state a viable retaliation claim.

## Conclusion

For the foregoing reasons, Defendant's Second Motion to Dismiss and Motion for Summary Judgment (Doc. 27) is **GRANTED in part and DENIED in part**. The retaliation claim asserted in Count II based on Defendant's alleged post-EEOC Complaint employment actions is

**DISMISSED without prejudice**. Plaintiff may proceed on all other claims.

**IT IS SO ORDERED.**

**DATED: December 18, 2019**

**STACI M. YANDLE**
**United States District Judge**