IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES HALLMAN, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>RYAN D. MCCARTHY, *Secretary, U.S. Dept.* )<br>*of Army,* )<br>)<br>Defendant. ) | Civil No. 19-cv-308-SMY |

**PROTECTIVE ORDER REGARDING LORENZINI STATEMENT**

Good cause being shown, the Court hereby GRANTS Defendant's Motion for Protective Order Regarding Lorenzini Statement as follows:

1. Pursuant to request, and pursuant to the Court's July 24, 2019 Order (Doc. 45), Defendant has produced to Plaintiff a May 27, 2014 statement given by United States Army employee, Thomas Lorenzini, to an investigator from the Office of the Inspector General of the Army (hereinafter, "OIG"), bates stamped Hallman002152 – Hallman002155 (hereinafter, "Lorenzini Statement" or "Statement").

2. The Lorenzini Statement is subject to the Privacy Act of 1974, 5 U.S.C. § 552a ("the Act"), which generally precludes disclosure of individually identifying information regarding non-parties (including current and former Army employees). The Statement is further protected from mandatory disclosure under the Privacy Act. *See* 5 U.S.C. § 552a(k)(2).

3. In order to protect the privacy of Army employees, particularly in regards to matters of a personal and sensitive nature, as well as, to protect and promote the candid disclosure by witnesses in future OIG investigations, pursuant to 5 U.S.C. § 552a(b)(11) and Federal Rule of Civil Procedure 26(c)(1), the Court finds it necessary and appropriate to enter this Protective Order to govern the use of the Lorenzini Statement.

1

4. This Order supplants the previous Protective Order entered on July 24, 2019, (Doc. 45), as to the Lorenzini Statement *only*. The July 24, 2019 Protective Order remains in effect as to all other discovery exchanged in this matter.

5. Except as otherwise stated in this Order, the Lorenzini Statement shall be possessed only by Plaintiff's counsel and counsel's staff. It may be reviewed, and its contents may be disseminated, only to Plaintiff, potential witnesses, and also to witnesses during depositions and court proceedings. These persons shall not disclose the contents of the Statement other than for purposes directly related to this litigation, and shall not disclose its contents to any others not associated with this litigation, without prior Order of the Court.

6. Where Plaintiff's counsel provides the Statement to any individual outside of staff listed in Paragraph 5, counsel shall provide for in-person review where feasible. When an authorized individual reviews the Statement in-person, counsel for Plaintiff, or staff, shall remain present with the individual during the course of the review. After review, the reviewing individual shall return the Statement to Plaintiff's counsel, or staff, and shall not retain a copy of the Statement.

7. Where it is not feasible for an individual outside of staff listed in Paragraph 5 to review the Statement in-person, the Statement shall be sent to the individual by a file share program typically used by Plaintiff's counsel. The Statement shall not be emailed. Plaintiff's counsel shall delete the Statement from this file share site no later than 24 hours after it has been received by the authorized individual. The authorized individual shall review the Statement within 24 hours of receiving it, and if it has been downloaded to a computer or other electronic device used or owned by the individual, the individual shall then delete the Statement from the computer or other electronic device after review. The individual shall not print, email, fax, copy, or otherwise

disseminate a copy of the Statement. The individual shall not retain a copy of the Statement after review. Failure to abide by this provision, or any other provision of this Order, may result in sanctions. Prior to any electronic review of the Lorenzini Statement, the authorized reviewing individual, who is not counsel of record or associated staff, must complete and execute the Agreement to Be Bound by Protective Order, attached hereto as Exhibit A, and return a copy of the executed Agreement to Be Bound to Plaintiff's counsel.

8. This Protective Order does not restrict, limit, alter, or affect the access of any employees of the United States, Department of Defense, United States Army, Department of Justice, or other federal agencies who would otherwise be permitted to access the information in the scope of their employment. Federal employees who have authority to access said materials may do so, with such access not subject to the terms of this Protective Order.

9. Should either party wish to file the Lorenzini Statement in the public record, the filing party shall notify the non-filing party of its desire and intent to file the Statement. Prior to filing in the public record, the non-filing party shall be given reasonable time to propose redactions to the Statement or state the non-filing party's position that the Statement should be filed under seal. Should the parties disagree on the redactions, either party may seek leave of the Court for the Statement to be filed under seal, or the parties may seek resolution by the Court in accordance with the Court's case management procedures. After notification, either party, at any time, may also seek leave of the Court for the Statement to be filed under seal.

10. When filing the Statement in the public record, or presenting it at trial, the parties shall conform with Federal Rule of Civil Procedure 5.2, and shall also redact additional identifying information, including individuals' phone numbers, email addresses, and home addresses.

11.     Upon viewing the Lorenzini Statement, should counsel for Plaintiff determine that the Statement has no relevant use in this litigation, counsel for Plaintiff shall destroy all copies of the Statement in counsel's possession, whether physical or digital.  In addition, should counsel reasonably believe the Statement has relevant use, then upon completion of this litigation, counsel shall destroy all copies of the Statement in counsel's possession, whether physical or digital.

**IT IS SO ORDERED.**

**DATED:  July 21, 2020**

**STACI M. YANDLE
United States District Judge**

## **EXHIBIT A – AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

1. I am familiar with and agree to be bound by the terms of the Protective Order Regarding Lorenzini Statement ("Protective Order") in *James Hallman v. Ryan D. McCarthy*, 19-cv-308-SMY (SDIL).

2. I will not intentionally reveal the contents of the Lorenzini Statement ("Statement"), except as authorized by the Protective Order.

3. I understand that under the terms of the Protective Order, I shall not print, email, fax, copy, or otherwise disseminate a copy of the Statement. I further understand that I must review the Statement with 24 hours upon receiving it, and, upon review, I must delete the Statement from any electronic device I have used to review the Statement. After review, I will not retain a copy of the Statement in any form.

4. I understand that failure to comply with the terms of the Protective Order may result in sanctions and a finding of contempt of court. I consent to the jurisdiction of the United States District Court for the Southern District of Illinois for the purpose of enforcing the Protective Order.

DATE: _____

BY: _____

_____
(Print Name)